IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN T. ARMSTRONG, ) | FILED: APRIL 28, 2009 |
| ) | 09CV2575 |
| Plaintiff, ) | JUDGE KENDALL |
| ) | MAGISTRATE JUDGE SCHENKIER |
| v. ) | BR |
| ) | |
| RHETT A. PLANK, ATTORNEY AT LAW, LLC;) | |
| and DEVRY UNIVERSITY INC. d/b/a ) | |
| KELLER GRADUATE SCHOOL ) | |
| OF MANAGEMENT, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

**INTRODUCTION**

1.      Plaintiff, John T. Armstrong ("Plaintiff"), brings this action against Rhett A. Plank, Attorney at Law, LLC ("Plank") under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 – 1692p, ("FDCPA") and seeks declaratory relief related to Plaintiff's debt with DeVry University Inc., d/b/a Keller Graduate School of Management ("DeVry") which Plank agreed to settle at 50% of the amount alleged due but now has refused to honor the agreement.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction under 28 U.S.C. §§ 1331 (Federal Question), 1337 (Interstate Commerce), 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. § 2201 (Declaratory Judgment Act).

3.      Venue and personal jurisdiction over First Resolution Investment Corporation in this District is proper because:

      a.      Plaintiff resides in the District;

      b.      Defendant Plank transacts business in the District via the mails and on information and belief telephone lines;

      c.      Defendant Plank's collection activities occurred within the District specifically directed to Plaintiff who resides in the District; and

      d.      Defendant DeVry is an Illinois corporation with locations in Illinois.

## PARTIES

4.      Plaintiff is an individual who resides in the Northern District of Illinois.

5.      Plank is a law firm organized under the laws of the State of Ohio as a limited liability company with offices located at 2500 Corporate Exchange Dr., Ste. 150A, Columbus, Ohio 43229 and 7546 Slate Ridge Blvd., 7546 Slate Ridge Blvd., Reynoldsburg, OH 43068. According to the Ohio Secretary of State's website, service of process on Plank can be made on its agent and his address Rhett A. Plank, 7600 Slate Ridge Blvd., Reynoldsburg, OH 43068.

6.      Plank is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein

7.      DeVry is an Illinois corporation. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

## FACTS

8.      Plank sent Plaintiff a letter dated November 7, 2008, in an attempt to collect a debt stating that the creditor was "DEVRY" with a principal amount of 2330.38.  Exhibit 1.

9.      The letter dated November 7, 2008, specifically states that Plank, "has been retained by an authorized collection agent of your creditor." Exhibit 1.

2

9. Plank sent Plaintiff a letter dated December 19, 2008, in an attempt to collect a debt stating that the creditor was "KELLER GRADUATE SCHOOL OF" with a principal amount of 2330.38.  Exhibit 2.

10. Plaintiff sent Plank a letter dated January 11, 2009, that in pertinent part stated:

> I am offering a settlement of 50% of the total amount to pay off the account.  I would make two(2) payments over the next month (four weeks) to settle this debt for good  In order to show you my commitment in settling this debt, I have enclosed my first payment of $582.60 in paper check.  If I do not receive a reply from you and/or you cash my check, I will assume you accept my above mentioned payment terms.  *If you do not accept my payment terms, you will return my enclosed payment check within 14 days of receiving this letter*.

Exhibit 3 (emphasis in original).

11. A copy of the $582.60 check dated January 15, 2009, that was enclosed Plaintiff's is included in Exhibit 3.

12. Plank cashed the $582.60 check that was enclosed in Plaintiff's letter dated January 11, 2009.

13. In a letter dated February 12, 2009, Plaintiff enclosed the second check in the amount of $582.60.  A copy of the letter is attached hereto as Exhibit 4.

14. In a letter dated February 24, 2009, Plank stated that the amount owed on the debt was 1747.78.  Exhibit 5.

15. Enclosed in the February 24, 2009 letter was Plaintiff's $582.60 check with the words, "NO DEAL!" written across the face of the check.  A copy of the check enclosed in the February 24, 2009 letter is included in Exhibit 5.

16. On March 13, 2009, counsel for Plaintiff sent a letter to Plank stating in part:

> I have been advised by Mr. Armstrong that your office had agreed by performance to accept 50% of the debt your office was collecting upon in two installment payments, that your office accepted the terms of the agreement by cashing the first installment check, however when Mr. Armstrong sent your office

3

the second and final payment, your office returned the Check to Mr. Armstrong with the words, "No Deal!" hand written across the check. Mr. Armstrong wishes to make this second payment to fulfill the agreement of paying off the debt in full at the agreed upon 50% discount. Please inform me to who in your office Mr. Armstrong can make the check directly to satisfy the agreement.

17. As of the date of the filing of this Complaint, Plank has not responded to Plaintiff's counsel's March 13, 2009 correspondence.

## COUNT I
## FDCPA § 1692e

18. Plaintiff incorporates paragraphs 1-17.

19. This count is made against Plank only.

20. 15 U.S.C § 1692e, in pertinent part, provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

(2) The false representation of—
(A) the character, amount, or legal status of any debt; or

* * *

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

21. "It is apparently common for debt collectors to send letters to consumers that say such things as . . . we are 'currently able to offer you a substantial discount of *50% off* your Current Balance *if we receive payment by 05-14-2004*.' (emphasis in original). There is nothing improper about making a settlement offer." *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775 (7th Cir. 2008).

22. Plank by cashing the first check Plaintiff sent to it agreed on behalf of its client to settle Plaintiff's debt for 50% of the amount stated in its first dunning letter.

4

23. The amount stated owing on the debt in Plank's letter dated February 24, 2009, is false.

24. Plank violated 15 U.S.C § 1692e, e(2)(A) and e(10).

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and against Plank for:

    (1)    Statutory damages for his FDCPA claims;

    (2)    Attorney's fees, litigation expenses and costs of suit; and

    (3)    Such other relief as the Court deems proper.

## COUNT II
## DECLARITORY JUDGMENT

25. Plaintiff incorporates paragraphs 1-17.

26. This count is against DeVry only.

27. Plank had the authority to bind DeVry to the settlement of Plaintiff's debt.

28. Plank by cashing the first check Plaintiff sent to it agreed on behalf of its client to settle Plaintiff's debt for 50% of the amount stated in its first dunning letter.

**WHERFORE**, Plaintiff requests this Honorable Court to enter a Declaratory Judgment that the balance of Plaintiff's debt is $582.60.

                      Respectfully submitted,

                      s/ Curtis C. Warner
                        Curtis C. Warner

Curtis C. Warner    ARDC# 6282197
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 737
Chicago, Illinois 60601
(312) 238-9820 (TEL)

**NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

<u>s/ Curtis C. Warner</u>
Curtis C. Warner

Curtis C. Warner      ARDC# 6282197
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 737
Chicago, Illinois 60601
(312) 238-9820 (TEL)